UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC J. TIZOL RIVERA,

    Plaintiff,

v.                                  CASE NO. 6:23-cv-516-MCR

COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an unfavorable decision denying his application for a period of disability and disability insurance benefits ("DIB"). Following an administrative hearing held on August 3, 2022, the assigned Administrative Law Judge ("ALJ") issued a decision, finding that Plaintiff was not under a disability, as defined in the Social Security Act, prior to September 27, 2021, but became disabled on that date and has continued to be disabled through November 1, 2022, the date of the ALJ's decision. (Tr. 17-31.) Based on a review of the record, the briefs, and the applicable law, the Commissioner's decision that Plaintiff was not disabled prior to September 27, 2021, is **AFFIRMED**.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 25.)

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

### A. Issues on Appeal

Plaintiff raises two issues on appeal. First, Plaintiff claims that the ALJ failed to properly evaluate the medical opinions of record. (Doc. 20 at 20-30.) Second, Plaintiff claims that the ALJ failed to determine the range of fluctuations of Plaintiff's symptoms when determining his residual functional capacity ("RFC"). (*Id.* at 30-35.) Defendant disagrees and argues that the ALJ properly evaluated the medical opinions of record and that the ALJ properly determined the range of fluctuation. (Doc. 21 at 6-22.) Ultimately, Defendant argues that "Plaintiff's argument is nothing more than a request for this Court to play the role of ALJ by reweighing the record evidence to find he was further limited than the ALJ assessed." (*Id.* at 20-21.)

### B. Standard for Evaluating Opinion Evidence

The ALJ is required to consider all the evidence in the record when making a disability determination. *See* 20 C.F.R. § 404.1520(a)(3). With regard to medical opinions, the rules in 20 C.F.R. § 404.1520c, apply to claims filed on or after March 27, 2017.[2] *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 F.R. 5844-01, 2017 WL 168819 (Jan. 18,

---

[2] The rules in 20 C.F.R. §404.1527 apply to claims filed before March 27, 2017.

3

2017). Because Plaintiff's claim was filed after March 27, 2017, the Court applies the revised rules and regulations in effect at the time of the ALJ's decision.

Under the revised rules and regulations, the ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The ALJ will articulate in the administrative decision how persuasive all of the medical opinions are in the case record, 20 C.F.R. § 404.1520c(b), but need not articulate how evidence from non-medical sources has been considered, 20 C.F.R. § 404.1520c(d).

"When a medical source provides one or more medical opinions," those opinions will be considered "together in a single analysis," using the factors listed in 20 C.F.R. §§ 404.1520c(c)(1) through (c)(5), as appropriate. 20 C.F.R. §§ 404.1520c(a), (b)(1). The ALJ is "not required to articulate how [he/she] considered each medical opinion . . . from one medical source individually." 20 C.F.R. § 404.1520c(b)(1). When evaluating the persuasiveness of medical

opinions, the most important factors are supportability[3] and consistency.[4] 20 C.F.R. §§ 404.1520c(a), (b)(2). Thus, the ALJ "will explain how [he/she] considered the supportability and consistency factors for a medical source's medical opinions" in the determination or decision but is not required to explain how he/she considered the rest of the factors listed in 20 C.F.R. § 404.1520c(c). 20 C.F.R. § 404.1520c(b)(2). As explained recently by another court in this District:

> Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record. In other words, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record—familiar concepts within the framework of social security litigation.

*Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, *3 (M.D. Fla. Apr. 6, 2021) (emphasis in original) (report and recommendation adopted by 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021)). When "two or more medical opinions . . . about the same issue are both

---

[3] "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1).

[4] "The more consistent a medical opinions . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ will articulate how he/she considered the other most persuasive factors listed in 20 C.F.R. §§ 404.1520c(c)(3) through (c)(5), which include a medical source's relationship with the claimant,[5] specialization, and other factors.[6]  20 C.F.R. § 404.1520c(b)(3).

## C. The ALJ's Decision

At step two of the sequential evaluation process[7], the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease, left knee; left foot calcaneal spurring and plantar fasciitis, status-post four surgeries; right foot calcaneal spurring and osteoarthritis, status-post one foot surgery; degenerative disc disease, lumbar spine; obesity; depression; anxiety; and posttraumatic stress disorder (PTSD).  (Tr. 20.)  At step three, the ALJ found that since May 7, 2021, the alleged onset date, Plaintiff did not

---

[5] The relationship with the claimant factor combines consideration of the following issues: the length of the treatment relationship, the frequency of the examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and the examining relationship.  20 C.F.R. §§ 404.1520c(c)(3)(i)-(v).

[6] The other factors may include: the medical source's familiarity with the other evidence in the claim; the medical source's understanding of the disability program's policies and evidentiary requirements; and the availability of new evidence that may render a previously issued medical opinion more or less persuasive.  20 C.F.R. § 404.1520c(c)(5).

[7] The Commissioner employs a five-step process in determining disability. *See* 20 C.F.R. § 404.1520(a)(4).

have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*)

Then, before proceeding to step four, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a) with limitations. (Tr. 22.) The ALJ limited Plaintiff to:

> occasionally balanc[ing], stoop[ing], kneel[ing], crouch[ing], crawl[ing], and climb[ing], [and found] he can tolerate frequent exposure to dangerous workplace hazards such as unprotected heights and moving mechanical parts, and he must avoid extreme heat, extreme cold, and vibrating surfaces and tools. Mentally, the claimant is limited to occasionally interacting with coworkers and supervisors.

(*Id.*) In doing so, the ALJ discussed the evidence of record. (Tr. 22-28.) She found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of those symptoms were "not fully supported for the reasons explained in [the] decision." (Tr. 23.)

Then, after determining that Plaintiff was unable to perform any past relevant work, at the fifth and final step of the sequential evaluation process, the ALJ considered the testimony of the Vocational Expert and found that prior to September 27, 2021, there were jobs existing in significant numbers in the national economy that Plaintiff could perform, such as microfilming

document preparer, fiberglass polisher, and parimutuel ticket checker. (Tr. 29.) However, the ALJ found that on September 27, 2021, Plaintiff's age category changed to an individual closely approaching advanced age. (*Id.*) The ALJ further found that from September 27, 2021, the date the Plaintiff's age category changed, there were no jobs that existed in significant numbers in the national economy that the Plaintiff could perform. (Tr. 30.) Therefore, the ALJ found Plaintiff was not under a disability, as defined in the Social Security Act, prior to September 27, 2021, but became disabled on that date and has continued to be disabled through the date of the ALJ's decision. (Tr. 30-31.)

## III. Analysis

Plaintiff states that the ALJ erred in evaluating the medical opinion evidence, because the ALJ failed to adequately consider the "supportability" and "consistency" factors as required by 20 C.F.R. § 404.1520c(b)(2). (*See* Docs. 20 & 22.) Defendant argues in response that the ALJ's treatment of the medical opinion evidence adequately addressed the factors of supportability and consistency. (*See* Doc. 21.) Upon review, the Court finds that the ALJ's decision is based on correct legal standards and is supported by substantial evidence in the record. To demonstrate, the Court will examine each of the disputed medical opinions in turn.

### A. The Opinions of the Non-examining State Agency Physicians and the Consultative Examiner

As an initial matter, the ALJ specifically addressed the prior administrative findings of the State agency physicians:

> The [ALJ] is partially persuaded by the opinions of the State agency medical consultants, who found the claimant capable of light work, with frequent kneeling and crouching, occasional balancing, stooping, crawling, and climbing ramps and stairs, no climbing ladders, ropes, or scaffolds, and no concentrated exposure to hazards. (2A/6-7; 4A/7-8).

(Tr. 26.) In further examining these opinions, the ALJ considered the supportability and consistency factors by stating that:

> The opinions are supported by evidence cited of bilateral plantar fasciotomies, lumbar degeneration with radiculopathy, unremarkable consultative examinations, antalgic gait and full strength during treatment examinations, lower extremity radiculopathy on nerve studies, and obese body habitus. (2A/7; 4A/8). However, the opinions are inconsistent with the claimant's chronic complaints of pain throughout the remainder of the relevant period, with revision surgery in July 2022, and so the [ALJ] finds them only partially persuasive, as the record supports greater exertional limitations. (42F/40).

(*Id*.)

The ALJ also considered the August 10, 2021, opinion of consultative examiner, Krishna Vara, M.D., by stating that:

> The [ALJ] is partially persuaded by the opinion of consultative examiner Krishna Vara, M.D., who found the claimant can function in jobs requiring no lifting more than twenty pounds, and no prolonged standing, walking, or climbing for more than three to four hours in an eight-hour workday. (21F/7).

9

(Tr. 26.) In further examining Dr. Vara's opinion, the ALJ considered the supportability and consistency factors by stating that:

> Dr. Vara's opinion is supported by evidence cited of the claimant's antalgic gait, as well as his normal strength and admitted capability for carrying out activities of daily living independently. (21F/5-7). The opinion is also consistent with the claimant's only mildly antalgic gait and his normal strength during treatment examinations, although the undersigned notes that his chronic foot pain, combined with his other impairments, would limit him to sedentary exertion. (34F/1-4; 42F/40). Thus, the undersigned finds Dr. Vara's opinion partially persuasive.

(*Id.*)

Ultimately, under the relevant regulations, the ALJ was required only to articulate how she considered the factors of supportability and consistency in discussing the persuasiveness of the medical opinions of record. As shown above, relative to the opinions of the non-examining State agency physicians and the consultative examiner, the ALJ has satisfied this standard. *See, e.g., Moberg v. Comm'r of Soc. Sec.*, No. 6:19-cv-891-Orl-LRH, 2020 WL 4936981, *4 (M.D. Fla. Aug. 24, 2020) (stating that the ALJ's consideration of the medical opinions "comported with the requirements of the new Social Security Regulations because the ALJ articulated the evidence affecting the supportability and consistency of each medical opinion and determined whether such opinion was supported by the weight of the record evidence"). Furthermore, the ALJ's findings with regard to the state agency physicians and the consultative examiner are supported by substantial evidence. (*See*

10

Tr. 26, 1308-10, 1807, 2030.)

### B.   Gary Weiss, M.D.

Plaintiff argues that the ALJ never discussed Dr. Weiss's explanation to support his opinion that Plaintiff required more limitations than the ALJ ultimately assessed. (Doc. 20 at 28.) The Court finds Plaintiff's argument unmeritorious. To illustrate, the ALJ provided the following analysis of treating physician Gary Weiss's opinion:

> The [ALJ] is unpersuaded by the opinion of treating provider Gary Weiss, M.D., who found the claimant can sit for three hours per day, for up to thirty minutes at a time, stand and/or walk for two hours per day, for up to ten minutes at a time, can rarely reach overhead, push, or pull, can occasionally lift and/or carry five pounds, can occasionally balance and never climb, stoop, crouch, kneel, or crawl, and must elevate his legs every one to two hours for up to thirty minutes.

(Tr. 26.) In further examining Dr. Weiss's opinion, the ALJ considered the supportability and consistency factors by stating that:

> Dr. Weiss's opinion is unsupported by the vague evidence cited, including thoracic back pain, bilateral foot injuries with multiple surgeries, and lower back pain, particularly given that the only objective abnormalities noted are spinal tenderness, spasms, and decreased range of motion. (43F/2-4). In addition, the opinion is inconsistent with the claimant's mild degeneration on spinal imaging, and his only mildly antalgic gait and normal strength during treatment examinations. (6F/1; 28F/7; 34F/3-4). Thus, the [ALJ] finds Dr. Weiss's opinion unpersuasive.

(*Id.*)

Contrary to Plaintiff's argument, the ALJ explicitly considered Dr. Weiss's explanations for his opinions, which she found were unsupported by

11

the vague medical evidence cited and the conflicting objective abnormalities noted. (Tr. 2187-90.) Furthermore, as shown above, the ALJ provided sufficient analysis of the supportability and consistency factors with regard to Dr. Weiss's opinion. Although Plaintiff argues that the ALJ erred in finding the evidence cited by Dr. Weiss did not support the degree of limitations Dr. Weiss assessed, substantial evidence supports the ALJ's findings. (*See* Tr. 23-27, 1556, 1806-07.) Plaintiff's arguments essentially urge the Court to reweigh the evidence, which is not the Court's function. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Thus, the Court rejects Plaintiff's argument.

### C. Nurse Colin Doyle

Plaintiff argues that the ALJ did not adequately consider the supportability and consistency factors with respect to Nurse Doyle's opinion. (Doc. 20 at 26.) The Court disagrees with Plaintiff's argument. To illustrate, the ALJ provided the following analysis of Nurse Colin Doyle by stating that:

> The [ALJ] is unpersuaded by the opinion of treating provider Colin Doyle, who found the claimant capable of light level exertion, with the option to walk for five minutes every two hours, unscheduled ten-minute breaks once to twice per week, and legs elevated to heart level four times per day for fifteen minutes. (37F/2-4).

(Tr. 26.) In further examining Nurse Doyle's opinion, the ALJ explicitly considered the supportability and consistency factors by stating that:

> [Nurse] Doyle's opinion is supported by evidence cited of the claimant's venous insufficiency with leg pain, cramping, aching, numbness, itching, throbbing, pressure, burning, and swelling, particularly when walking or standing. (37F/1). The opinion is also inconsistent with the claimant's lack of lower extremity edema during treatment examinations throughout the relevant period. Accordingly, the undersigned finds [Nurse] Doyle's opinion unpersuasive.

(*Id.*)

Contrary to Plaintiff's argument, the ALJ explicitly considered the supportability of Nurse Doyle's opinion. Plaintiff seems to suggest that the ALJ's analysis of Nurse Doyle's opinion is flawed, because there is some evidence supporting Nurse Doyle's opinion. However, "[u]nder a substantial evidence standard of review, [Plaintiff] must do more than point to evidence in the record that supports his position; he must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)). "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–1159 (11th Cir. 2004) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). After the review, the Court finds that the ALJ applied the correct legal standard and her findings regarding Nurse Doyle's opinion are supported by substantial evidence. (*See* Tr. 26, 1309, 1523, 1537,

1571.) Accordingly, the ALJ did not err with regard to her analysis of Nurse Doyle's opinion.

### D. Treating Psychologist Xuan Stevens, Ph. D.

Plaintiff argues that the ALJ failed to discuss Dr. Stevens's explanation to support her opinion. (Doc. 20 at 30.) The Court also finds this argument unavailing. To demonstrate, the ALJ provided the following analysis of Dr. Stevens's opinion:

> The [ALJ] is unpersuaded by the opinion of treating provider Xuan Stevens, Ph.D., who found the claimant seriously limited [in] remembering work-like procedures, maintaining attention for two-hour segments, sustaining an ordinary routine without special supervision, responding appropriately to workplace changes, dealing with normal work stress, dealing with the stress of semiskilled and skilled work, interacting appropriately with the public, and maintaining socially appropriate behavior, and unable to meet competitive standards working in coordination with or proximity to others without being unduly distracted, making simple work-related decisions, completing a normal workday and workweek without interruptions from psychologically based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, asking simple questions or requesting assistance, accepting instructions and responding appropriately to criticism from supervisors, getting along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes, and understanding, remembering, and carrying out detailed instructions. (36F/1-2). Dr. Stevens further found the claimant would miss more than four days of work per month. (36F/2).

(Tr. 28.) In further examining Dr. Stevens's opinion, the ALJ explicitly considered the supportability and consistency factors by stating that:

> Dr. Stevens'[s] opinion is supported by evidence cited of the

14

>claimant's inability to focus consistently on tasks or retain information, his tendency to decompensate, his difficulty forming and maintaining social-interpersonal relationships and using decision making and problem-solving skills, and his hypervigilance, suspiciousness, and paranoia. (36F/1-2). However, the opinion is wholly inconsistent with mental status examinations throughout the relevant period, during which the claimant exhibited normal memory and concentration and pleasant and cooperative demeanor. (10F/117/156-157; 19F/54; 20F/3-4; 30F/33/65; 35F/13; 42F/81).

(Tr. 29.)

Contrary to Plaintiff's argument, the ALJ explicitly considered Dr. Stevens's explanations for her opinions, which she found were wholly inconsistent with mental status examinations throughout the relevant period. (*See* Tr. 28, 455, 493-94, 1237, 1302, 1612, 1644, 1821, 2071.) Ultimately, as shown above, the ALJ provided sufficient analysis of the supportability and consistency factors with regard to Dr. Stevens's opinion, which is supported by substantial evidence.

Finally, Plaintiff relies upon *Simon* and *Tavarez* for the proposition that the ALJ should have explicitly considered his fluctuating symptoms in evaluating the RFC. (Doc. 20 at 31-34); *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1106 (11th Cir. 2021); *Tavarez v. Comm'r of Soc. Sec.*, 638 F. App'x 841, 847–848 (11th Cir. 2016). The Court finds that these cases are distinguishable from the instant case. As an initial matter, the treating-physician rule and good cause requirement that applied in *Simon* does not apply here. Moreover, there is a significant difference between finding that

15

an ALJ's rationale is insufficient to discount an opinion that would otherwise be entitled to controlling weight and finding that an ALJ's rationale is inadequate−applying a substantial evidence standard−to show that an opinion entitled to no special deference is not supported. Thus, the ALJ's reasons for finding that the consistency factor undermined the persuasiveness of Dr. Stevens's opinion are more than reasonably adequate given that Dr. Stevens's opinion is not entitled to any special deference, unlike the opinions of the treating physicians in cases such as *Simon*.

Additionally, the cited discussion from *Tavarez* dealt with the "good cause" standard under the old regulations, and Plaintiff has not explained if, or how, the good cause standard applies under the new regulations. *Tavarez*, 638 F. App'x at 848 (11th Cir. 2016). Further, in *Tavarez*, the ALJ relied upon the Plaintiff's fluctuating symptoms in finding a doctor's opinion unpersuasive. Here, the ALJ did not rely upon Plaintiff's fluctuating symptoms in finding Dr. Stevens's opinion unpersuasive. *See Bentley v. Comm'r of Soc. Sec.*, No. 6:21-cv-226-DCI, 2022 WL 1553425, *3 (M.D. Fla. May 17, 2022) (distinguishing *Tavarez* because "[h]ere, the ALJ did not rely upon Claimant's fluctuating symptoms in finding [the physician's] opinion unpersuasive").

Moreover, as discussed above, the ALJ properly considered the required factors of supportability and consistency. Furthermore, the ALJ cited

16

adequate reasons for discounting Dr. Stevens's opinion, which were supported by substantial evidence. Finally, Plaintiff fails to point to evidence showing that his impairments fluctuated to such an extent as to preclude employment. Plaintiff's arguments to the contrary essentially ask the Court to reweigh the evidence, which is not this Court's function. *Winschel*, 631 F.3d at 1178.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on March 22, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record